IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT K. STEWART, )
 )
       Plaintiff, )
 )
       v. )     1:15CV676
 )
SHERIFF NEIL GODFREY, et al., )
 )
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Robert K. Stewart, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). In this case, Plaintiff names Neil Godfrey, who is the current Sheriff of Moore County, North Carolina, Lane Carter, who is the former Sheriff of Moore County, and David J. Kilarski, the CEO of First Health of the Carolinas, as Defendants in the case. He alleges that he was shot by law enforcement officers on March 29, 2009, taken into custody, and transported to a hospital operated by First Health of the Carolinas. He claims that medical personnel took blood and urine samples for testing, but that the samples were later lost or destroyed, either by hospital personnel or a Moore County detective. Further tests were conducted later that day, preserved, and used against Plaintiff in court. Plaintiff also alleges that he was in a state of "automatism" on the day in question and complains that he was not provided legal counsel. Finally, he contends that on March 30,

2009, hospital staff told law enforcement that he was a "scum bag" and to take him out of the hospital, leading to him being transported with a bullet lodged in his spine.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

As an initial matter, the Court notes that it appears that Plaintiff is attempting to undermine his September 3, 2011, state court convictions for eight murders and other related crimes, which he is currently challenging in a separate habeas action in this Court (Case No. 1:15CV435).  To the extent that Plaintiff's claims in the present case necessarily would implicate the validity of his convictions or sentences, Plaintiff cannot do this without first showing that the convictions were reversed on direct appeal,

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and dismissal is proper to the extent that Plaintiff's claims implicate his convictions or sentences.

Next, Plaintiff makes absolutely no allegations that the named Defendants personally played any role in the events described in the Complaint. Plaintiff apparently intends to hold them liable purely based on their positions as supervisors. This is insufficient to state a claim under § 1983 because theories of *respondeat superior* or supervisory liability do not exist under § 1983. Iqbal, 556 U.S. at 676-78. Plaintiff alleges no facts to show that Defendants participated in or were even aware of the alleged events at the time they occurred.

Finally, the application of the appropriate statute of limitations is an affirmative defense that the Court may consider in this context. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable

inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, the events alleged in the Complaint occurred on March 29 and 30, 2009, or more than six years before Plaintiff filed this Complaint. He was or should have been aware of the events at the time they occurred or at least by the time of his criminal convictions on September 3, 2011, which is still nearly four years prior to his filing of the Complaint. Therefore, it is clear from the face of the Complaint that, to the extent Plaintiff's claims are not barred by Heck, Plaintiff's claims are barred by the statute of limitations.[1] The Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $32.20. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $32.20.

---

[1] In Brooks v. City of Winston-Salem, the Fourth Circuit noted that § 1983 actions which require proof of termination of the criminal proceeding favorable to the accused would not accrue until the favorable termination is obtained. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). However, the Fourth Circuit in Brooks also noted that if the action would not require proof of favorable termination of the criminal proceeding, the claim would accrue at the time of the violation. Brooks, 85 F.3d at 182.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of February of 2016, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

This, the 5th day of January, 2016.

      /s/ Joi Elizabeth Peake
    United States Magistrate Judge

6

Case 1:15-cv-00676-LCB-JEP   Document 3   Filed 01/05/16   Page 6 of 6